**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  CASE NO: 6:12-cr-89-Orl-28GJK

**JULIAN MAURICE MIDDLETON**

## ORDER

Defendant's Motion for Early Termination of Supervised Release ("Motion") (Doc. 52) is before the Court for consideration. The Government filed its response to the Motion opposing the requested relief (Doc. 54), and a supplemental response in compliance with this Court's order to do so. (Doc.57). Also in response to a court order, Probation filed a report. (Doc. 58). For the reasons stated below, the Motion is due to be granted.

Defendant served almost 6 years in federal prison and two years ago, in May 2018, he began serving his three year term of supervised release. (Doc. 52). He is now in his early thirties. While in prison, he availed himself of many learning opportunities, including over 700 educational and vocational hours, and earning his GED. (Docs. 52, 57, 58). He also took college courses and is close to completing his associate degree. (Doc. 52). While he was in transition at a halfway house, he earned a fork-lift operator certificate. (Docs. 52, 57, 58). He is now gainfully employed as a heavy duty equipment operator, has a home, has full custody of his daughter, and contributes both money and time to his local Boys and Girls Club. (Doc. 52.). He has had no violations while on supervised release.(Docs. 52, 58).[1]

---

[1] Probation reports: "Excluding a recent impulsive decision to quit his job without prior notification to the employer or discussion with the probation officer as required, he

It is commendable that Defendant took advantage of opportunities to better himself and make better life choices. Still, Defendant has a serious criminal past which would likely result in a lengthy term of incarceration should he reoffend. Nonetheless, "[c]ongress intended supervised release to assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59 (2000). It is clear to this Court that supervised release has assisted Defendant to become a functioning, contributing member of his community. And neither the Government nor the Probation Office have articulated what benefit would be achieved from further supervision.

Under 18 U.S.C. §3583(c)(1), I have considered the pertinent factors of 18 U.S.C. §3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), and the purpose of supervised release, and am satisfied that terminating Defendant's supervised release is warranted by his conduct and is in the interest of justice.

Defendant's Motion for Early Termination of Supervised Release (Doc. 52) is **GRANTED**. His supervised release is hereby terminated.

**DONE** and **ORDERED** in Orlando, Florida on May 20, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Counsel for Defendant

---

has been compliant with the standard conditions of supervision." (Doc. 58). Yet, both the Government and Probation report that the employer fired him for causing damage to its equipment and the building on three occasions over course of one year, not that he quit. And, to his credit, he retained new employment the very next day (April 30, 2020) with higher pay; not an easy feat in the present severely impacted economy due to the Covid-19 pandemic.

2